UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | No. 09 CR 650 |
| vs.   ) | Judge Donald E. Walter |
| ) | |
| HAROLD TURNER   ) | |

**<u>Proposed Jury Instructions</u>**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits the attached proposed jury instructions.

 

Respectfully submitted,
PATRICK J. FITZGERALD
United States Attorney

By:   <u>s/William Ridgway</u>
WILLIAM RIDGWAY
WILLIAM HOGAN
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois 60604
(312) 469-6233

## Stipulations and Judicial Notice

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that [certain facts are true] [that a person would have given certain testimony].

[I have taken judicial notice of certain facts that may be regarded as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.]

## Proof of Other Acts

You have heard evidence of acts of the defendant other than those charged in the indictment. You may consider this evidence only on the question of intent, motive, knowledge, or absence of mistake. You should consider this evidence only for this limited purpose.

## Recordings/Transcripts of Recordings

You have heard recorded conversations. These recorded conversations are proper evidence and you may consider them, just as any other evidence.

[When the recordings were played during the trial, you were furnished transcripts of the recorded conversations [prepared by government agents].]

[The recordings are the evidence, and the transcripts were provided to you only as a guide to help you follow as you listen to the recordings. The transcripts are not evidence of what was actually said or who said it. It is up to you to decide whether the transcripts correctly reflect what was said and who said it. If you noticed any difference between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if after careful listening, you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.]

## The Indictment and the Statute

The defendant is charged with threatening three United States judges. The indictment reads as follows:

On or about June 2, 2009, and June 3, 2009, in the Northern District of Illinois, Eastern Division, and elsewhere, Harold Turner, defendant herein, threatened to assault and murder three United States judges with intent to impede, intimidate, and interfere with such judges while engaged in the performance of official duties and with intent to retaliate against such judges on account of the performance of official duties.

The indictment charges the defendant with violating section 115(a)(1)(B) of Title 18 of the United States Code. That section provides in relevant part:

> [Whoever] threatens to assault . . . or murder . . . a United States judge . . . with intent to impede, intimidate, or interfere with such . . . judge . . . while engaged in the performance of official duties, or with intent to retaliate against such . . . judge . . . on account of the performance of official duties [shall be guilty of a crime].

The indictment in this case is the formal method of accusing the defendant of an offense and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

The defendant has pleaded not guilty to the charge.

## Elements of Offense[1]

In order to prove the defendant guilty of threatening the three United States judges, the government must prove each of the following elements beyond a reasonable doubt:

> First, that the defendant threatened to assault or murder Chief Judge Frank Easterbrook, Judge Richard Posner, and Judge William Bauer;
>
> Second, that at the time of the alleged threat, Chief Judge Frank Easterbrook, Judge Richard Posner, and Judge William Bauer were United States judges; and
>
> Third, that the defendant acted with the intent to impede, intimidate or interfere with these judges while engaged in the performance of their official duties or with the intent to retaliate against these judges on account of the performance of their official duties.

---

[1] This instruction is found in Leonard B. Sand et al., *Modern Federal Jury Instructions: Criminal* § 14.02 (Lexis), instruction 14-13 (2009). Although the Second Circuit does not have circuit pattern instructions, Sand's *Modern Federal Jury Instructions: Criminal* are essentially *de facto* pattern instructions as the Second Circuit relies on them frequently. *See, e.g.*, *United States v. Shamsideen*, 511 F.3d 340, 347 (2d Cir. 2008); *United States v. Tran*, 519 F.3d 98, 103 (2d Cir. 2008); *United States v. Quinones*, 511 F.3d 289, 313-15 (2d Cir. 2007); *United States v. Snype*, 441 F.3d 119, 142 (2d Cir. 2006); *United States v. Gaines*, 457 F.3d 238, 248 (2d Cir. 2006); *United States v. Vitagliano*, 86 Fed.Appx. 470, 473 (2d Cir. 2004); *United States v. Abozid*, 257 F.3d 191, 200 (2d Cir. 2001) ("we agree with the authors of Modern Federal Jury Instructions"); *United States v. Zichettello*, 208 F.3d 72, 89-90 (2d Cir. 2000); *United States v. Prawl*, 168 F.3d 622, 625 (2d Cir. 1999); *see generally Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171 (2d Cir. 2004) ("In crafting jury instructions, many district courts rely on Modern Federal Jury Instructions. See Leonard B. Sand, et al., Modern Federal Jury Instructions (2003).")

### First Element--Threat to Assault or Murder

The first element the government must prove beyond a reasonable doubt is that the defendant threatened to assault or murder Chief Judge Frank Easterbrook, Judge Richard Posner, and Judge William Bauer.

Whether a particular statement is a threat is governed by an objective standard. That is, a statement is a threat if it was made under such circumstances that a reasonable person hearing or reading the statement and familiar with its context would understand it as a serious expression of an intent to inflict injury[2] or to cause another to inflict injury.[3] An absence of explicitly threatening language does not preclude you from finding the statement to be a threat.[4]

It is not necessary for the government to prove that the defendant intended to carry out the threat,[5] that defendant had the ability to carry out the threat,[6] or that

---

[2]*United States v. Davila*, 461 F.3d 298 (2d Cir. 2006) ("a statement expressing an intention to inflict bodily harm"); *United States v. Sovie*, 122 F.3d 122, 125 (2d Cir. 1997)( "The test is an objective one-namely, whether an ordinary, reasonable recipient who is familiar with the context of the [threat] would interpret it as a threat of injury."); *United States v. Malik*, 16 F.3d 45, 48-50 (2d Cir. 1994).

[3]*United States v. Davila*, 461 F.3d 298, 305 (2d Cir. 2006) ("A recipient of a letter such as [defendant's] could reasonably believe that the sender had obtained access to anthrax or some other dangerous substance, *or that he could cause an associate to send it*.") (emphasis added); *see also United States v. Stewart*, 420 F.3d 1007, 1019 (citing *United States v. Cassel*, 408 F.3d 622, 637 n. 14 (9th Cir. 2005)) ("The defendant might, of course, threaten to bring about the injury indirectly-for example, by having a third party harm the victim.").

[4]*United States v. Malik*, 16 F.3d 45, 49 (2d Cir. 1994) ("An absence of explicitly threatening language does not preclude the finding of a threat.")

[5]*Virginia v. Black*, 538 U.S. 343, 360 (2003) ("The speaker need not actually intend to carry out the threat."); *United States v. Sovie*, 122 F.3d 122, 125 (2d Cir. 1997) ("[I]t is not necessary for the Government to prove that [the defendant] had a specific intent or a present ability to carry out his threat"); *United States v. Kosma*, 951 F.2d 557 (3d Cir. 1991).

[6]*United States v. Hertular*, 562 F.3d 433, 442-43 (2d Cir. 2009) ("Because [section 115(a)(1)(B)] contains no force element, there is no burden to prove a defendant's present ability to execute the threat giving rise to an objectively reasonable fear of immediate bodily harm.")

7

defendant communicated the threat to the victims.[7] The relevant intent is the intent to communicate a threat, not the intent to threaten.[8]

In determining whether the charged statements constitute a threat, you should consider the context in which they were made. Written words or phrases and their reasonable connotations take their character as threatening or harmless from the context in which they are used, measured by the common experience of the society in which they are published.[9] This includes the circumstances in which they were uttered as well as the circumstances of the person who uttered them.[10]

---

[7] *United States v. Parr*, 545 F.3d 491, 497 (7th Cir. 2008) ("A threat doesn't need to be communicated directly to its victim"); *United States v. Stewart*, 420 F.3d 1007, 1016 (9th Cir. 2005) ("Accordingly, we hold that, under 18 U.S.C. § 115(a)(1)(B), a defendant need not communicate the threat directly to the intended target for a conviction under the statute"); *Porter v. Ascension Parish Sch. Bd.*, 393 F.3d 608, 616-17 (5th Cir.2004) (threat must be "communicated to either the object of the threat *or a third person.*") (emphasis added)); *United States v. Stewart*, 420 F.3d 1007, 1016 (9th Cir. 2005) (threat need not be communicated to victim); *Doe v. Pulaski County Spec. Sch. Dist.*, 306 F.3d 616, 624 (8th Cir. 2002) (there must be communication to "the objects of the purported threat or to a third party"); *United States v. Martin*, 163 F.3d 1212, 1214-16 (10th Cir. 1998) (defendant told friend he was going to kill police detective); *United States v. Raymer*, 876 F.2d 383, 391 (5th Cir. 1989) (victim need not actually receive threat).

[8] *See United States v. Francis*, 164 F.3d 120, 123 (2d Cir. 1999) ("the government need not prove that a defendant intended his communication to be threatening"); *United States v. Sovie*, 122 F.3d 122, 125 (2d Cir. 1997) ("Finally, it is not necessary for the Government to prove that [the defendant] had a specific intent or a present ability to carry out his threat, but only that he intended to communicate a threat of injury through means reasonably adapted to that purpose."); *New York ex rel. Spitzer v. Cain*, 418 F.Supp.2d 457, 479 (S.D.N.Y. 2006) ("The relevant intent is the intent to communicate a threat, not as defense counsel maintains, the intent to threaten.").

[9] *United States v. Malik*, 16 F.3d 45, 50 (2d Cir. 1994) ("[w]ritten words or phrases take their character as threatening or harmless from the context in which they are used, measured by the common experience of the society in which they are published.") (citing *United States v. Prochaska*, 222 F.2d 1, 2 (7th Cir. 1955)).

[10] *United States v. D'Amario*, 2007 WL 928473 *8 (D.N.J. 2007).

### Second Element--Victim Was a United States Judge[11]

The second element that the government must prove beyond a reasonable doubt is that at the time of the alleged threat, Chief Judge Frank Easterbrook, Judge Richard Posner, and Judge William Bauer, were United States judges.

I instruct you that a United States judge includes any judicial officer of the United States. However, it is for you to determine if Chief Judge Frank Easterbrook, Judge Richard Posner, and Judge William Bauer held that title at the time in question.

The government does not have to prove that the defendant knew that Chief Judge Frank Easterbrook, Judge Richard Posner, and Judge William Bauer were United States judges. The crime of threatening a United States judge is designed to protect judges acting in pursuit of their official functions, and therefore, it is sufficient to satisfy this element for the government to prove that the victim was a United States judge at the time of the alleged threat. Whether the defendant knew that the victim was a United States judge at the time is irrelevant to such a determination, and should not be considered by you.

---

[11]This instruction is based on Leonard B. Sand et al., *Modern Federal Jury Instructions: Criminal* § 14.02, instruction 14-15 (2009).

**Third Element--Intent to Impede, Intimidate, Interfere, or Retaliate**[12]

The third element that the government must prove beyond a reasonable doubt is that the defendant acted with the intent to impede, intimidate, or interfere with the United States judges while engaged in the performance of their official duties, or with the intent to retaliate against the United States judges on account of the performance of his or her official duties.

The word "impede" means to stop the progress, obstruct or hinder; to "intimidate" means to make timid or fearful, to inspire or affect with fear, to frighten, to deter or overawe; to "interfere with" means to come into collision with, to intermeddle, to hinder, to interpose to intervene.

To "retaliate" means to return like for like, to act in reprisal for some past act.

Direct proof of a defendant's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestation, his words, his conduct, his acts and all of the surrounding circumstances disclosed by the evidence, and the rational or logical inferences that may be drawn from them.

---

[12]This instruction is based on Leonard B. Sand et al., *Modern Federal Jury Instructions: Criminal* § 14.02, instruction 14-16 (2009).

## Entrapment by Estoppel[13]

Defendant maintains that he was directed by government officials to engage in the conduct for which he is charged and that he acted in reliance on the government officials' direction. It is a defense to the charges in this case if you find that:

(1) a government official affirmatively represented to the defendant that it was legal for defendant to carry out the conduct for which he is charged,[14]

(2) the defendant actually relied on what the official told him in taking the action charged in the offense,

(3) the defendant's reliance on what he was told by the official was objectively reasonable,[15] and

(4) a person sincerely desirous of obeying the law would have accepted the information as true and would not have been put on notice to make further inquiries.[16]

---

[13]This instruction is based on Leonard B. Sand et al., *Modern Federal Jury Instructions: Criminal* § 8.07, instruction 8-7.1 (2009), along with a few modifications based on Second Circuit rules.

[14]*United States v. Giffen*, 473 F.3d 30, 43 n.13 (2d Cir. 2006) ("a defendant must put forth an affirmative representation by a government official that his conduct was or would be legal") (citing *United States v. Pardue*, 385 F.3d 101, 108-09 (1st Cir. 2004); *United States v. George*, 386 F.3d 383 (2d Cir. 2004) ("The defense of entrapment by estoppel bars conviction of a defendant whose commission of a crime results from *government solicitation*") (emphasis added).

[15]*United States v. Giffen*, 473 F.3d 30, 43 n. 12 (2d Cir. 2006) ("the defendant must have *reasonably* relied on the asserted authorization") (emphasis in original); *United States v. George*, 386 F.3d 383, 399 (2d Cir. 2004) ("[T]o invoke the entrapment by estoppel defense, the defendant must show that he relied on the official's statement and that his reliance was reasonable").

[16] *United States v. Gil*, 297 F.3d 93, 107 (2d Cir. 2002) ("Reliance is reasonable if a person sincerely desirous of obeying the law would have accepted the information as true and would not have been put on notice to make further inquiries."); *United States v. Abcasis*, 45 F.3d 39, 43 (2d Cir. 1995) ("for a defendant's reliance to be reasonable, *the jury must conclude* that a person sincerely desirous of obeying the law would have accepted the information as true and would

11

To constitute an affirmative representation by a government official, the government official must have been responsible for interpreting, administering or enforcing the law which was the subject of the representation. The representation must have been a clear statement directly by the official to the defendant that the conduct defendant is charged with here was in fact authorized[17]; this defense will not support a claim of an open-ended license to commit crimes in the expectation of receiving subsequent authorization.[18] Moreover, the fact that the official did not volunteer an observation that the conduct was illegal does not reasonably support a defendant's conclusion that his conduct was being authorized.[19]

The defendant has the burden of proving this defense by a preponderance of the evidence. To prove something by a preponderance of the evidence means to prove only that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more convincing. In determining whether the defendant has proven this defense, you may consider all of the testimony and evidence,

---

not have been put on notice to make further inquiries"); *United States v. Corso*, 20 F.3d 521, 528 (2d Cir. 1994) ("To invoke the entrapment by estoppel defense, the defendant must show that he relied on the official's statement and that his reliance was reasonable in that a person sincerely desirous of obeying the law would have accepted the information as true and would not have been put on notice to make further inquiries.").

[17] Leonard B. Sand et al., *Modern Federal Jury Instructions: Criminal* § 8.07, instruction 8-7.1 (2009).

[18] *United States v. Giffen*, 473 F.3d 30, 42 (2d Cir. 2006) *(citing United States v. Abcasis*, 45 F.3d 39, 43-44 (2d Cir. 1995)) ("The defendant's conduct must remain within the general scope of the solicitation or assurance of authorization; this defense will not support a claim of an open-ended license to commit crimes").

[19] *United States v. Giffen*, 473 F.3d 30, 43 n. 13 (2d Cir. 2006) ("The fact that the officials did not volunteer an observation that the conduct was illegal does not reasonably support [defendant's] concluding that his conduct was being authorized."); *see also United States v. Pardue*, 385 F.3d 101, 108-09 (1st Cir. 2004) ("In order to establish a prima facie case for entrapment by estoppel, a defendant must put forth an affirmative representation by a government official that his conduct was or would be legal."); *United States v. Spires*, 79 F.3d 464, 466 (5th Cir. 1996) ("The defense of entrapment by estoppel is applicable when a government official or agent actively assures a defendant that certain conduct is legal and the defendant reasonably relies on that advice and continues or initiates the conduct.").

regardless of who produced it.[20]

It is important to remember that the fact that the defendant has raised this defense does not relieve the government of the burden of proving all of the elements of the crime, as I have defined them, beyond a reasonable doubt.

---

[20]*Modern Federal Jury Instructions-Criminal* § 8.07, instruction 8-7.1, commentary (2009) ("Following the Supreme Court's decision in *Dixon v United States*, it is now recommended that the jury be charged that the burden is on the defendant to prove this defense by a preponderance of the evidence."); *United States v. Jumah*, 493 F.3d 868 (7th Cir. 2007) (Deciding that, after *Dixon v. United States*, "[b]ecause the public authority defense is an affirmative defense based on excuse, we must conclude that Congress intended the burden to rest on the defendant to prove the defense by a preponderance of the evidence")

## The First Amendment[21]

The First Amendment protects vehement, scathing, and offensive criticism of public officials, including United States judges.

I instruct you, however, that a threat as I have defined the term in these instructions is not protected by the First Amendment to the United States Constitution.[22] Thus, if you find that the government has proved beyond a reasonable doubt that the statement about Chief Judge Easterbrook, Judge Posner, and Judge Bauer was a threat, you may not acquit the defendant based on your understanding of the constitutional protections for speech.

---

[21]This instruction is modeled after an instruction in *United States v. D'Amario*, 330 Fed. Appx. 409, 418 (3d Cir. 2009).

[22]*Virginia v. Black*, 538 U.S. 343, (2003) ("[T]he First Amendment also permits a State to ban a "true threat."); *accord R.A.V. v. St. Paul*, 505 U.S. 377, 388 (1992) ("[T]hreats of violence are outside the First Amendment").

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 650 |
| vs. | ) | Judge Donald E. Walter |
| | ) | |
| HAROLD TURNER | ) | |

## **<u>Verdict</u>**

With respect to Count One of the indictment, we, the jury, find the defendant Harold Turner:

GUILTY  \_\_\_\_\_          NOT GUILTY  \_\_\_\_\_

If you find defendant Harold Turner guilty, please answer the following interrogatory:

We, the jury, unanimously agree that the threat defendant issued involved a threat to murder as opposed to a threat to assault:[23]

   Yes _____

   No _____

_____
F O R E P E R S O N

_____
Date

---

[23] Leonard B. Sand et al., *Modern Federal Jury Instructions: Criminal* § 14.02, instruction 14-14, Commentary ("Thus, to avoid any *Apprendi* problems, when the defendant is charged with threatening to kidnap or murder, the court should . . . provide the jury with a special verdict form requiring them to specify whether they unanimously agree that the defendant made a threat to kidnap or murder as opposed to a threat to assault.")

16