UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 09 CR 650 |
| vs. ) | Judge Donald E. Walter |
| ) | Sitting by designation |
| HAROLD TURNER ) | |

### PROPOSED JURY INSTRUCTIONS

The Defendant, HAROLD TURNER, by and through his attorneys MICHAEL OROZCO and NISHAY SANAN, respectfully submit the attached proposed jury instructions.

Respectfully submitted on this 18th day of November, 2009.

By: /S/ MICHAEL OROZCO
Michael Orozco
Bailey & Orozco,
744 Broad Street
Suite 1901
Newark, NJ 07102
Phone: (973) 735 2683

/S/ NISHAY SANAN
Nishay K. Sanan, Esq.
327. S. Plymouth Court
Suite 201
Chicago, IL 60604
312-692-0360

1

## SPECIFIC JURY INSTRUCTIONS
### The Statute and Indictment

In the instant matter the defendant has been charged with violating 18 USC 115(a)(1)(b), which states:

(a)(1)Whoever:
 (B) B) threatens to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under such section, with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties, shall be punished as provided in subsection (b).

The prosecution has specifically alleged, as contained in their indictment of the defendant, that Mr. Turner

"On or about June 2, 2009 and June 3, 2009, in the Northern District of Illinois, Eastern Division, and elsewhere, Harold turner, the defendant herein, threatened to assault and murder three United States judges with intent to impede, intimidate and interfere with such judges while engaged in the performance of official duties and with intent to retaliate against such judges on account of the performance of official duties; In violation of Title 18, United States Code, Section 115(a)(1)(B)."

Unless you find that the prosecution has proven all elements as contained in the indictment above you may not find the defendant guilty. The indictment above is not evidence and may not be used as such. The defendant is presumed innocent and has pleaded not guilty to the single count of the indictment.

If you have a reasonable doubt as to whether the defendant committed the act with actual knowledge of the above facts, you must give the defendant the benefit of that doubt and find [him] [her] not guilty.

2

## Elements of the Offense[1]

In order to prove the defendant guilty under the applicable statute and indictment, the government must prove each of the following elements. Each must be proven beyond a reasonable doubt:

(1) The defendant threatened to murder Judge Frank Easterbrook, Judge Richard Posner, and Judge William Bauer;

(2) That at the time of the alleged threat all three judges were United States judges;

(3) That the defendant acted with the intent to impede, intimidate or interfere with all three judges; [2]

(4) On account of the judges' performance of their official duties.[3]

---

[1] The Second Circuit does not follow pattern jury instructions. In all criminal cases the court must instruct on all essential questions of law, including the elements of the offense. *United States v. Gaudin*, 515 US 506, 511 (1995)(under due process clause of Sixth Amendment defendant has right to demand jury find him guilty of all elements of the crime under which he is charged); *United States v. Gilliam*, 994 F.2d 97, 101-102, (2nd Cir.) *cert. denied* 510 U.S. 927 (1993).
[2] *United States v. Stewart*, 420 F.3d 1007, 1115 (9th Cir. 2005).
[3] *United States v. Orozco-Santillan*, 903 F.2d 1262 (9th Cir. 2005).

3

## **Definition of Threat**

A threat is a statement expressing an intention to inflict bodily harm to someone of such a nature as could reasonably induce fear as distinguished from idle, careless talk, exaggeration or something said in a joking manner. You must determine whether the threat was a true threat when judged in its context. It is a serious expression of intent to inflict injury and not merely a vehement or emotional expression of political opinion, hyperbole or arguments against government officials. Among other things, you should consider whether on their face and in the circumstances in which they were made defendant's statements were so unequivocal, unconditional and specific as to convey to the recipient a gravity of purpose and apparent prospect of execution.[4]

---

[4] This charge substantially follows the language of *United States* v. *Kelner*, 534 F.2d 1020, 1024-28 (2d Cir.), *cert. denied*, 429 U.S. 1022, 50 L. Ed. 2d 623, 97 S. Ct. 639 (1976).

## Jury Instruction on Intent

To willfully commit an act, a person must, with knowledge of what [he] [she] is doing, intentionally commit the act. This requires the prosecution to prove that the defendant committed the act with actual knowledge of the following: that the defendant threatened the three judges with the specific intent to impede and retaliate on account of the performance of their official duties.[5]

---

[5] *U.S. v. Van Nguyen*, 73 F3d 887, 890 (9th Cir. 1995) (holding that a person is not criminally responsible unless 'an evil-meaning mind' accompanies 'an evil-doing hand).

## Affirmative Defenses

The defendant has raised the affirmative defense of public authority and entrapment by estoppel as defined elsewhere in these instructions. Unless you all unanimously find that the defendant failed to prove this defense by a preponderance of the evidence you may not find the defendant guilty of 18 USC 115(a)(1)(B).

## Public Authority Defense

In order to assert Public Authority as a defense, defendant must prove:

(1) When acting with actual or apparent authority

(2) A government official affirmatively assures the defendant that certain conduct is legal, and;

(3) The defendant reasonably believes that official.[6]

Defendant asserts that, during the time that he was acting as an FBI informant, he was given specific instruction with regard to what was acceptable and non criminal conduct during the course of numerous years. As stated in the general instructions, if you find Defendant's testimony to be credible and that he was acting with actual or apparent authority, then you may not find him guilty of the criminal conduct contained in the indictment.

If you find that defendant Turner was acting or reasonably believed he was acting on behalf of a law enforcement agency or officer when he engaged in the transmittal of any of the alleged threats against the three judges, then you must acquit him of this charge.[7]

---

[6] *United States v. Achter*, 52 F.3d 753, 755 (8th Cir.1995); *United States v. Baptista-Rodriguez*, 17 F.3d 1754 (11th Cir. 1994).
[7] *Id.*

7

## Entrapment by Estoppel

Defendant has asserted Entrapment by Estoppel as a defense. This defense is warranted where

(1) A government agent affirmatively misleads a defendant as to the lawfulness of his conduct;

(2) the defendant relies on the misrepresentation, and;

(3) the defendant's reliance is reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation.[8]

For a defendant's reliance to be reasonable, you must conclude that a person sincerely desirous of obeying the law would have accepted the information as true and would not have been put on notice to make further inquiries.[9]

---

[8] *United States v. Nichols,* 21 F.3d 1016, 1018 (10th Cir.), *cert. denied,* 513 U.S. 1005, 115 S.Ct. 523, 130 L.Ed.2d 428 (1994).
[9] *United States v. Corso,* 20 F.3d 521, 528 (2d Cir.1994) (quoting *United States v. Weitzenhoff,* 1 F.3d 1523, 1534 (9th Cir.1993) (citations omitted)).

8

## First Amendment as a Defense

Defendant has asserted his First Amendment right as a defense. The First Amendment protects vehement, scathing and offensive criticism of public officials, including United States judges.

Where there is some evidence that the purpose of the speaker or the tendency of his words are directed to ideas or consequences remote from the commission of the criminal act then you must find that his speech or the words written are protected free speech. Speech is protected unless both the intent of the speaker and the tendency of his words was to produce or incite an imminent lawless act; in other words whether his words or writing were about to cause an act of lawlessness of which there is proof.[10]

---

[10] *United States v. Freeman*, 761 F.2d 549 (9th Cir. 1985).

## Jury Instruction on Uncharged Acts

Evidence has been presented of an uncharged offense. It is the prosecution's theory that the uncharged offense is so similar to the charged offense that both offenses must have been committed by the same person, or that they show and prove a pattern of conduct.

However, it is the defendant's theory that he did not commit the uncharged offense, or was it an illegal act. Under this theory, evidence that the defendant did not commit the uncharged offense would permit an inference that he did not commit the charged offense.

Please remember, however, that the defendant is not obligated to prove his offenses. Unless you all agree that the prosecution has proven the defendant guilty of the charged offense beyond a reasonable doubt, you must acquit him.[11]

---

[11] See U.S. v. Stevens 935 F2d 1380, 1404-05 (3rd Cir. 1995).

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  09 CR 650 |
| vs. | ) | Judge Donald E. Walter |
| | ) | |
| HAROLD TURNER | ) | |

## **Verdict**

With respect to the single count of the indictment, we the jury, find the defendant

Harold Turner


GUILTY_____                    NOT GUILTY_____