UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 650 |
| vs. | ) | Judge Donald E. Walter |
| | ) | |
| HAROLD TURNER | ) | |

**Government's Motion *In Limine* Regarding Defendant's Statements**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully renews its motion *in limine* to preclude defendant from arguing or otherwise presenting evidence regarding whether defendant intended to carry out the threat or harm the judges, which this Court previously granted. *See* Doc. #22. More particularly, the government seeks to preclude defendant from attempting to elicit through cross examination during the government's case-in-chief, through cross-examination, or during any case he may present, any statement that he intended no harm to the judges, which is irrelevant and hearsay and has no basis for admission under the rules of evidence.

I.      Introduction

FBI Special Agent Wallschlaeger interviewed defendant at his home on June 24, 2009, before executing a search warrant. Defendant told Agent Wallschlaeger that he drafted and posted all of the entries on turnernetwork.blogspot.com, including the entries of June 2 and June 3 about Chief Judge Frank Easterbrook,

Judge Richard Posner, and Judge William Bauer. Later in the interview, defendant claimed that it was "not [his] intention to ever have someone harmed or killed."

The government plans to admit, pursuant to Federal Rule of Evidence 801(d)(2)(A) (admissions of party opponent), defendant's admission that he drafted and published the entries on his blog. It is improper to admit, however, defendant's later claim that he did not intend for the judges to be harmed or killed, as that assertion is self-serving hearsay and irrelevant. Questioning designed to elicit such hearsay is improper and should be barred.

## II. Defendant's Claim That He Intended No Harm To The Judges Is Irrelevant.

Defendant's claim that he intended no harm to the judges has already been ruled irrelevant by this Court several times. The Court sustained the government's motion *in limine* on this issue in a previous ruling, reminding defense counsel that it had already ruled on this issue in denying defendant's motion to dismiss the indictment. *See* Doc. #22 ("SUSTAINED. The Court has ruled on this issue. *See* Doc. #6"). The government renews this motion, however, because defense counsel violated the Court's ruling repeatedly, particularly during its opening statement and closing argument. Here are several samples of those violations:

> I submit to you, ladies and gentlemen, it was never his intent to harm those three judges from the Seventh Circuit Court of Appeals. The prosecution must prove that this was more than simple mere idle exaggeration, hyperbole. <u>They must actually prove Mr. Turner, when he wrote those statements, intended to assault and murder those judges.</u> Tr. 12/2/09 at 242-43

* * *

2

Ladies and gentlemen, at the end of this trial, you must reach only one logical conclusion; that is, Mr. Turner is not guilty, . . . <u>not guilty because there was no intent to assault and murder these three judge.</u> Tr 12/2/09 at 244.

* * *

You have Agent Wallschlaeger take the stand and testify that he went to his house. Harold Turner invites him in, makes him coffee. Is that the type of person who intends to inflict injury? He sits outside while his house is being searched. Agent Wallschlaeger asks Mr. Turner "What did you intend?" "It's not my intent to ever have someone harmed or killed." That is what Agent Wallschlaeger said under oath that Harold Turner told to him. Again, no <u>intent to inflict injury which is what's required to prove a threat.</u> Tr. 12/4/09 at 541.

* * *

Were they ever e-mailed to anybody? He testified they weren't. If this man, Harold Turner, <u>intended to inflict injury as a threat</u>, don't you think that would have happened? Tr. 12/4/09 at 542.

* * *

How can there be <u>intent to inflict injury</u> when the only address given is to a place where there are marshals downstairs and you have to walk through security? Tr. 12/4/09 at 543.

* * *

How else do we know that Harold Turner did not intend to threaten or inflict injury? <u>That's what the definition of threat is, an intent to inflict injury.</u> Tr. 12/4/09 at 544.

* * *

What they put down is serious control problems that ends the relationship Harold Turner has with the FBI. Again, it goes to show that he has <u>no intent on inflicting injury not only to the judges but to anybody.</u> Tr. 12/4/09 at 546.

* * *

Deputy Marshal Elcik takes the stand. Did he ever say Harold Turner was a threat or <u>intended to inflict injury on anybody</u>? No. Tr. 12/4/09 at 547.

The sheer number of comments misconstruing the standard suggests this was not simply an off-hand mistake, but rather an attempt to use defendant's statement to Agent Wallschlaeger to confuse to jury, contrary to the law and to this Court's

order. It is well-established that the government is not required to prove that the defendant in a threat case intended or was able to carry out his threats, *Virginia v. Black*, 538 U.S. 343, 360 (2003) ("The speaker need not actually intend to carry out the threat."); *United States v. Sovie*, 122 F.3d 122, 125 (2d Cir. 1997) ("[I]t is not necessary for the Government to prove that [the defendant] had a specific intent or a present ability to carry out his threat"), a proposition this Court recognized in its order denying defendant's motion to dismiss and in the jury instructions. *See* 09-CR-650, Doc. #6 at 3 ("the speaker does not have to actually intend to carry out the threat").

Accordingly, the government respectfully moves *in limine* to preclude defendant from arguing or otherwise presenting evidence regarding whether defendant intended to carry out the threat of harm to the judges, including by questionings designed to elicit defendant's hearsay statement to Agent Wallschlaeger.

### III. Defendant's Claim That He Intended No Harm To The Judges Is Inadmissible.

#### A. If offered by defendant, his statement constitutes inadmissible hearsay

Besides being irrelevant, as explained above, defendant's claim that he intended no harm to the judges, if offered by defendant, constitutes inadmissible hearsay not subject to any exception under the Federal Rules of Evidence.[1] As the

---

[1] The statement cannot be offered under Rule 803(3) as a "then existing mental condition" because the statement refers to "a statement of memory or believe to prove the fact remembered," which explicitly excluded from the hearsay

4

proponent of the statement, defendant would be offering into evidence an out-of-court statement for the truth of the matter asserted, in violation of Federal Rules of Evidence 801 and 802.

Following these rules, courts readily exclude a defendant's out-of-court exculpatory statements. In *United States v. Ortega*, 203 F.3d 675 (9th Cir. 2000), for instance, the court affirmed the district court's decision to preclude the defendant from eliciting his own non-self-inculpatory statements on cross-examination of a law enforcement officer, holding that "non-self-inculpatory statements are inadmissible hearsay." *Id.* at 682. The court recognized that any other ruling would have allowed the defendant to put his non-self-inculpatory statements before the jury without having to take the stand himself – the precise situation the hearsay rule forbids. *Id.* at 682. In reaching its decision, the *Ortega* court distinguished the defendant's attempt to elicit his own non-self-inculpatory statements from the government's use of the defendant's inculpatory statements, noting that only the latter constitute "admissions by a party *opponent* and . . . therefore not hearsay." *Id.* at 682 (citing Fed. R. Evid. 801(d)(2)); *see also Williamson v. United States*, 512 U.S. 594, 600 (1994) (recognizing that "[s]elf-exculpatory statements are exactly the ones which people are most likely to make even when they are false . . . ."); *See also United States v. Hoffecker,* 530 F.3d 137, 192 (3d Cir. 2008) (upholding under Rule 801(d)(2)

---

exception. Nor does the statement constitute a "present sense impression" because the statement was not made contemporaneous with the event at issue, *i.e.*, the threat. *See* Rule 803(1).

the exclusion of portions of audiotape in which defendant made self-incriminating statements).

As the Supreme Court warned, what defendant seeks to admit is exactly the type of statement "which people are most likely to make even when [it is] false." *See Williamson*, 512 U.S. at 600.

### B. Defendant's claim that he intended no harm to the judges is irrelevant if offered for a reason other than the truth of the matters asserted

The hearsay rules cannot be circumvented under the theory that defendant's self-serving exculpatory statement is not being admitted for the truth of the matter asserted. As defense counsel's previous opening statement and closing argument make plain, they seek to use the statement for the truth of the matter asserted – that is, to show defendant *in fact* intended no harm to the judges. Repeatedly, they asserted that defendant's statement demonstrates he lacked the requisite *mens rea*.[2]

### C. Rule 106 does not render admissible defendant's claim that he intended no harm

Federal Rule of Evidence 106 (rule of completeness) does not make relevant or admissible defendant's self-serving, exculpatory statement. "[T]he rule of completeness is violated 'only where admission of the statement in redacted form distorts its meaning or excludes information substantially exculpatory of the

---

[2] Even if the statement were not hearsay, defendant's claim that he intended no harm does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable," Fed. R. Evid. 401, because intent to harm is not required by 18 U.S.C. §115(a)(1)(B).

6

declarant.'" *United States v. Yousef,* 327 F.3d 56, 154 (2d Cir. 2003) (quoting *United States v. Benitez,* 920 F.2d 1080, 1086-87 (2d Cir. 1990)). "The completeness doctrine does not, however, require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." *Johnson,* 507 F.3d at 796 (quoting *United States v. Jackson,* 180 F.3d 55, 73 (2d Cir. 1999), *vacated on other grounds,* 196 F.3d 383 (2d Cir. 1999)).

Self-serving, exculpatory statements are hearsay, and are therefore generally not admissible, unless their exclusion would unfairly distort the meaning of the declarant's non-hearsay statements that are in evidence. Where the danger of such distortion does not exist, however, a defendant may not rely on the rule of completeness to put his out-of-court exculpatory statements before the jury through the testimony of another witness (such as Agent Wallschlaeger), while at the same time maintaining his own Fifth Amendment privilege so as to avoid being cross-examined about his prior statements. *See Ortega,* 203 F.3d at 682; *Williamson,* 512 U.S. at 599 ("[t]he fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts [which are hearsay]"); *see also United States v. Lentz,* 524 F.3d 501, 526 (4th Cir. 2008) ("Rule 106 does not . . . render admissible the evidence which is otherwise inadmissible under the hearsay rules, [n]or does it require the admission of self-serving, exculpatory statements made by a party which are being sought for admission by that same party'"); *United States v. Mitchell,* 502 F.3d 931, 964 (9th Cir. 2007) (defendant was properly precluded from eliciting, on cross-examination of

7

government agents, exculpatory statements that he had made during interviews with agents, since those statements were inadmissible hearsay); *United States v. Rivera*, 61 F.3d 131, 136 (2d Cir. 1995) ("Rule 106 does not render admissible evidence that is otherwise inadmissible"); *United States v. Mahaffy*, No. 05-CR-613, 2007 WL 1094153, at *2 (E.D.N.Y. Apr. 10, 2007) ("A court may . . . exclude any portion that consists largely of a defendant's own self-serving statements, which, as offered by him, are inadmissible hearsay")

In this regard, *United States v. Johnson*, 507 F.3d 793 (2d Cir. 2007), is instructive. In *Johnson*, a Hobbs Act prosecution in which the defendant was charged with robbery and murder, the district court admitted the portions of the defendant's post-arrest statements in which he described the planning of the robbery, without including his statements about what happened during the robbery, in which he claimed that other individuals had committed the murder. Finding no abuse of discretion in that ruling, the Second Circuit agreed with the district court's conclusion that

> the redacted portion did not explain the admitted portion or place the admitted portion in context. The admitted portion of the confession related to [the] *plans* to execute the robbery, while the redacted portion related to the *execution* of the robbery. Moreover, the admitted portion pertained to conduct that occurred before [defendant] entered the apartment, while the redacted portion related to what happened inside the apartment. Accordingly, the redacted statements were neither explanatory of nor relevant to the admitted passages, and the District Court therefore did not err in refusing to admit them. *Id.* at 796-97 (emphasis in original)

Other courts have reached similar results. *See, e.g., Hoffecker*, 530 F.3d at 193 (defendant had "not shown that the . . . tape [on which he made self-exculpatory

8

statements] was necessary to explain or place in context [his incriminatory statements], avoid misleading the jury, or insure a fair and impartial understanding," and therefore district court did not err when it did not permit defendant to play tape in its entirety at trial); *Lentz*, 524 F.3d at 526 ("we are satisfied that the district court did not abuse its discretion in excluding the omitted portions [of defendant's recorded conversations] as they were neither necessary to avoid misleading the jury or to place the portions admitted into proper context").

Here, defendant's claim that he intended no harm to the judges is by no means necessary to explain his admission that he authored the entry about Judge Easterbrook, Posner, and Bauer. Far from giving context to defendant's admission, the claim is defendant's attempt at a self-serving assertion of innocence (under defendant's misapprehension of the law, no less), and its exclusion will in no way distort the meaning of the statements that the government seeks to introduce. To allow defendant to introduce the statement would enable defendant to testify without having to face the scrutiny of cross-examination as well as to inject into the trial evidence likely to confuse the jury given the applicable standard of intent.

WHEREFORE, the United States respectfully requests that its motion *in limine* be granted.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:   <u>*s/William E. Ridgway*</u>
        WILLIAM E. RIDGWAY
        WILLIAM HOGAN
        Assistant U.S. Attorneys
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 469-6233