```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA    )
                            )
         vs.                )    09 CR 650 (DEW)
                            )
HAROLD TURNER               )
```

# Defense Requests to Charge

Respectfully submitted,

*/s/ David A. Lewis*

PETER KIRCHHEIMER
DAVID A. LEWIS
Federal Defenders of New York, Inc.
1 Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201
(718) 330-1200

## TESTIMONY OF JUDGES

You have heard Judges Posner, Easterbrook, and Bauer testify about their reactions to the defendant's statements. That testimony is some evidence of whether a reasonable person would have understood the defendant's statements as a serious expression of an intent to inflict injury. Even though the witnesses are judges, however, their testimony does not constitute a legal or factual conclusion that is binding on you. The question whether a reasonable person, not one of these judges, would have understood the statements as a threat is a question that you, the jury, must decide, and the judges' testimony is merely relevant evidence with respect to it.

## ADDITION TO DEFINITION OF "THREAT"
(At p. 6 of proposed instructions)

As to the first element, whether a particular statement is a threat, a statement is a threat if it is a statement by which a person "means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." That is, for there to be a threat the defendant must intend to communicate the statement to another. **In addition, the defendant must also intend that the statement he makes be a threat, that is, he must actually intend that it express the intent to commit an act of unlawful violence. It is not enough that the defendant communicated words and inadvertently or negligently expressed what appears to be an intent to commit violence, without having the actual intent to express that intent.**

**Justification:**

The Court should charge the definition of a true threat given by the Supreme Court in in Virginia v. Black, 538 U.S. at 359, the quoted portion above. The plain meaning of that definition is that the defendant must intend that his statement constitute a threat. United States v. Magleby, 420 F.3d 1136, 1139 (10th Cir. 2005). Accordingly the Court should also charge this.

Moreover, it would violate the First Amendment, and unduly chill legitimate speech, if a person could be convicted of a crime, based on speech that was not intended as a threat, but that due to the speaker's inadvertence or negligence, could reasonably be perceived by someone else as being threatening.

The Second Circuit has never considered the effect of Virginia v. Black on its prior "threats" jurisprudence, which adopted only an objective test.

In this case, of course, there are several possible intent elements -- that the defendant intend to interfere with, impede, intimidate or retaliate against, a judge – one of which the jury must find for guilt. The intimidation intent would satisfy the constitutional requirement that the defendant intend to threaten, see Black, supra, but this is not true of the other possible specific intents, which do not require that the defendant intend to issue an actual threat. For example, "retaliation" by harsh criticism, which is not a threat or intended to be one, is not criminal, even

3

if the words were intended as retaliation.

## ADDITION TO DEFINITION OF THREAT
(At page 6 or 7 of proposed charge)

In order to find that the defendant's statements constituted a true threat you must find that they were "directed to inciting or producing imminent lawless action."

## OR ALTERNATIVELY

If however, you find that the defendant's statements constitute advocacy of violence or an opinion that violence is proper but do not indicate that the speaker or any specific person intend to carry out that violence, in order to find that the statement is a true threat, you must find that it was "directed to inciting or producing imminent lawless action."

**Justification**: The portion of the requested charges in quotations is from <u>Brandenburg v. Ohio</u>, 395 U.S. 444, (1969); <u>see also</u> <u>United States v. Kelner</u>, 534 F.2d 1020, 1027 (2d Cir. 1976) (threat must "convey a gravity of purpose and imminent prospect of execution").

# EXPLANATION OF "POLITICAL HYPERBOLE" FOR JURY
(At page 7 of proposed charge)

The First Amendment protects vehement, scathing and offensive criticism of public officials, including United States judges. Should you find that the defendant's statements for which he is charged were no more than mere political hyperbole, **that is, no more than an exaggerated or extravagant statement, used to express indignant feeling or produce a strong impression about a political matter, and not intended to be understood literally,** then you **must find** that no threat was made.

**Justification**:

The insertion in **boldface** is added to the Court's charge given in the last trial. Because the jury may be unaware of the meaning of the word "hyperbole," this language, which is adapted from the Oxford English Dictionary ("exaggerated or extravagant statement, used to express strong feeling or produce a strong impression, and not intended to be understood literally") as modified to fit the circumstances of a case such as this. See United States v. Kelner, 534 F.2d 1020, 1025 (2d Cir. 1976) (hyperbole "no more than an indignant or extreme method of stating political opposition to Arafat"). In any event, we object to the charge as it stands because many of the jurors in this case may not be familiar with the term "hyperbole."

## CHARGE ON THE DEFENSE

(At p. 7, following the prior portion of the charge)

If you find that the statements in this case were merely annoying or alarming, but did not constitute an actual threat, as I have defined it, you must acquit the defendant.

**Justification:**

A criminal prohibition on communicating in an annoying or alarming way is unconstitutional. United States v. Sturgill, 563 F.2d 307 (6th Cir. 1977); see Vives v. City of New York, 405 F.3d 115, 123 (2d Cir. 2005) (Cardamone, J., concurring and dissenting). The government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable. Texas v. Johnson, 491 U.S. 397, 414 (1989). That is because "a principal 'function of free speech under our system of government is to invite dispute. It may indeed best serve its high purpose when it induces a condition of unrest, creates dissatisfaction with conditions as they are, or even stirs people to anger.' " Id. at 408-09 (quoting Terminiello v. Chicago, 337 U.S. 1, 4, (1949)).