## SCHLAM STONE & DOLAN LLP

| | | |
|---|---|---|
| HARVEY M. STONE | 26 BROADWAY | PETER R. SCHLAM (1944-2005) |
| RICHARD H. DOLAN | | OF COUNSEL |
| WAYNE I. BADEN | NEW YORK, N.Y. 10004 | RONALD G. RUSSO |
| MICHAEL A. BATTLE | | MARY W. ANDERSON |
| JAMES C. SHERWOOD | (212) 344-5400 | HILLARY S. ZILZ |
| THOMAS A. KISSANE | | BRADLEY J. NASH |
| BENNETTE D. KRAMER | TELECOPIER: (212) 344-7677 | VITALI S. ROSENFELD |
| JEFFREY M. EILENDER | www.schlamstone.com | |
| JOHN M. LUNDIN | | NIALL D. O'MURCHADHA |
| DAVID J. KATZ | | ANDREW S. HARRIS |
| JONATHAN MAZER | | SAMUEL L. BUTT |
| ERIK S. GROOTHUIS | | RAFFI MELKONIAN |
| ROBERT L. BEGLEITER | | DAVID G. ABRAMS |
| ELIZABETH WOLSTEIN | | |

Via ECF

February 14, 2012

Honorable Donald E. Walter
Senior United States District Judge
United States Courthouse
300 Fannin Street
Shreveport, LA 71101

    Re:    **United States v. Harold Turner**
              **09-CR-650-01 (DEW)(EDNY)**

Dear Judge Walter:

    The Court's file reflects that I am counsel to Harold Turner in the referenced prosecution. On February 9, 2012, a telephone conference was conducted with myself, Ms. Macarthur and Mr. Ridgway on the line. Principally, we discussed two (2) issues: The status of a) the documents Court "1" and Court "2" and b) the defendant's pending *Brady* motion.

    Shortly after the conference, the Court entered the Order discussed during the conference permitting Court "1" and Court "2" to be unsealed and for me to review them. However there was no mention in that Order or in the any "minute entry" concerning the Court's ruling on the pending *Brady* motion.

    After discussing what we believed would be the Second Circuit's scheduled argument date on the pending appeal, the Court inquired as to the practical effect of going forward with a hearing at this time. My notes indicate that the Court inquired what I thought would be achieved by a hearing at this time. The Court further noted that, if the Circuit reversed my client's conviction, any work done on the pending Brady motion would be mooted; the Court then asked if we could adjourn the matter pending a decision from the Circuit. I indicated that I thought that was a reasonable position and agreed to an adjournment pending the Circuit decision. Ms. Macarthur, however, asked the Court to deny the *Brady* motion without a hearing. The Court

denied her request. It was my clear understanding that, should the Circuit affirm my client's conviction, a hearing on the *Brady* motion would be conducted at that time.

I respectfully request that the Court enter a "minute entry" or Order reflecting this discussion. My obvious concern is that at a later time, absent some record from the Court, the government may claim that the *Brady* motion was denied or that the hearing was denied or that the motion was abandoned for lack of prosecution.

As ever, thanking the Court for its consideration of these matters, I remain

Respectfully,

Ronald G. Russo

cc: Diane MacArthur, Esq.
William E. Ridgway, Esq.
Assistant United States Attorneys

Harold Turner